**Clarence S. SPICER, Appellant,**

**v.**

**Ray ROWLAND, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1969.

M. C. Redwine, Jr., Winchester, for appellant.

Hays & Hays, Winchester, Shumate, Shumate & Flaherty, Irvine, for appellee.

CLAY, Commissioner.

Plaintiff appellant brought suit to recover approximately $9500 from defendant appellee as the settlement of accounts arising out of two partnership enterprises which have terminated. The defense was that the partnership had been dissolved and all accounts settled on September 23, 1963. The trial court, in an excellent opinion analyzing the controversy, found that such a settlement had taken place and dismissed plaintiff's claim.

The parties had entered into two written agreements relating to the development of subdivision property. Defendant furnished the land and plaintiff supervised the development and the sales. The profits were to be divided after the payment of expenses.

Plaintiff kept the books and from time to time settlements were made. In September 1963 the parties disagreed about the necessary cost of building a subdivision road. There is no doubt that this dis-

agreement ended the partnership. At that time, according to plaintiff's own figures, he was entitled to reimbursement from the defendant in the amount of approximately $4200, and defendant did not dispute this.

Defendant had theretofore deeded to plaintiff two lots in one subdivision and plaintiff was demanding deeds to two more lots in the other subdivision. Defendant was claiming the value of the four lots to be $4900. His position is that the parties agreed to settle their accounts upon the payment by plaintiff to the defendant of the difference between the value of the lots and the $4200 which the defendant owed the plaintiff for expenses. Defendant and his lawyer drew up a written instrument settling the accounts between the parties on that basis.

On September 13, 1963, plaintiff went to the office of defendant's lawyer and gave him his check, payable to the defendant, in the amount of $758.38,[1] which check had the notation on it "For Balance Lots in Full". The attorney thereupon delivered to plaintiff two deeds to the lots in the second subdivision the parties had developed. Plaintiff did not sign the settlement agreement and testified he did not see it, although he said he was told about it. Unfortunately the attorney who handled this transaction (defendant was not present) died before this lawsuit and we do not have the benefit of his version of it.

To summarize, we have a situation where the parties were in disagreement and they intended to dissolve the partnership, and one of the parties (the defendant) clearly intended the September 23 transaction to be a final settlement of accounts. It is the position of plaintiff that he had no such intention and the fact that he did not sign the written settlement agreement supports his position. However, the Chancellor had before him the positive testimony of the defendant with respect to the nature of this transaction. In addition, plaintiff's testimony and other circumstances are inconsistent with his position. He stated that his $758 check was in payment in full for the two lots he was handed deeds to, whereas, the check on its face showed it was the *"Balance"* on "Lots". Still further, plaintiff admitted that defendant had not agreed to sell him these lots at that figure. Still further, plaintiff had never paid a cent for the two other lots which had been conveyed to him previously, and no value or price of one of them had ever been agreed to.

The $758 check fits more consistently with defendant's position than plaintiff's position. We also note that defendant's lawyer had no authority to deliver the two deeds in return for this check unless it constituted a final settlement of accounts. Also it may be observed that at the time of the alleged settlement the defendant with some justification could have asserted a claim against the plaintiff for half the cost of the road which was to be built in one of the subdivisions.

The Chancellor found as a fact that the transaction on September 23 constituted a final settlement of accounts between the parties. We will not set aside such a finding unless it is clearly erroneous. CR 52.-01. There was ample evidence to support it.

The judgment is affirmed.

All concur.

---

1. This represented an explained readjustment of the difference between the parties' figures.